# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-08905-RGK;<br>1:16-BK-12349-MRB | Date | April 27, 2018 |
|---|---|---|---|
| Title | *In re: Jenean Elizabeth Valencia* | | |

Present: The Honorable **R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE**

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:  Attorneys Present for Defendant:

Not Present  Not Present

**Proceedings:** **(IN CHAMBERS) Order Re: Appeal from the Bankruptcy Court's Order Granting Appellee Audra S. Gerhardt's Motion for Relief from Stay Under 11 U.S.C. § 362 (Unlawful Detainer)**

## I. INTRODUCTION

Appellants Jenean Elizabeth Valencia ("Valencia") and Teresa Jean Moore (collectively, "Appellants") filed for Chapter 13 bankruptcy on August 12, 2016. (*See* Bankruptcy Case No. 16-12349-MB.) Appellee Audra S. Gerhardt ("Gerhardt"), as trustee of the Audra S. Gerhardt Living Trust, filed a motion for relief from the resulting automatic bankruptcy stay, which the bankruptcy court granted on November 18, 2016. On December 1, 2016, Valencia and Moore filed a notice of appeal of the bankruptcy court's November 18 order. The appellants timely filed their opening brief, but Gerhardt never responded. Nevertheless, the Court **AFFIRMS** the bankruptcy court's order for the reasons stated below.

## II. JURISDICTIONAL BASIS

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(G) and 28 U.S.C. § 1334. This Court has jurisdiction to review the bankruptcy court's decision pursuant to 28 U.S.C. § 158(a)(1). *See* 28 U.S.C. § 158(a)(1) (providing district courts have jurisdiction to hear appeals from final orders of bankruptcy judges); *In re Blixseth*, 684 F.3d 865, 866 n.1 (9th Cir. 2012) ("The grant . . . of a motion for relief from an automatic stay is a final order.").

## III. FACTUAL BACKGROUND

On July 20, 2015, Gerhardt entered into a "Contract for Deed" with Teresa Moore and her daughter Jennifer Lauren Moore ("the Moores") regarding property at 17516 Raymer Street in

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-08905-RGK; 1:16-BK-12349-MRB | Date | April 27, 2018 |
|---|---|---|---|
| Title | *In re: Jenean Elizabeth Valencia* | | |

Northridge, California ("the Property"). The Contract for Deed identified the Moores as the Buyer and Gerhardt as the Seller. The Moores agreed to pay Gerhardt $5,500 upon execution of the agreement, followed by monthly payments of $5,500 and quarterly payments of $5,000. The Moores could extend the agreement for up to three years. The Moores had the option to purchase the Property under the agreement; Gerhardt would convey the Property to the Moores once they had paid her a total of $910,000. If the Moores defaulted on a payment, Gerhardt agreed to issue a notice of default and give them fourteen days to cure. If the Moores failed to cure, Gerhardt could either terminate the agreement and retake possession of the Property, or enforce the agreement and make the entire principal balance and any unpaid interest due immediately.

On December 29, 2015, Jennifer Moore assigned Valencia (her sister and Teresa Moore's daughter) a 25% interest in the Contract for Deed.

The Moores stopped making their required monthly payments in March 2016, and Gerhardt filed an unlawful detainer action against them. Gerhardt served the summons on appellants, but appellants claim it did not manifest the statutorily required clerk signature or court seal. Appellants failed to respond, and the bankruptcy court entered default against them. (Stay Relief Hearing Trans., Appellate Record ("AR") 411:23–412:2, ECF No. 26-4.) The state court issued an unlawful detainer judgment and a writ of possession in Gerhardt's favor on August 1, 2016. (Unlawful Detainer Judgment, AR 296–97, ECF No. 26-1; Writ of Possession, AR 301–02, ECF No. 26-1.)

On August 12, 2016, Valencia filed a voluntary petition for Chapter 13 bankruptcy, initiating an automatic stay pursuant to 11 U.S.C. § 362. Valencia identified her 25% interest in the Property as an asset of the bankruptcy estate and identified Gerhardt as a secured creditor of the bankruptcy estate.

On August 18, 2016, Gerhardt took possession of the Property by removing the gate lock, changing the door locks, and posting a guard at the front gate. In response, Valencia filed an emergency motion to enforce the automatic stay, which her mother Teresa Moore joined. Soon after, Gerhardt, as trustee of the Audra S. Gerhardt Living Trust, moved the bankruptcy court for relief from the automatic stay. (*See* Mot. for Relief from Stay, AR 237–43, ECF No. 25-5.)

On November 18, 2016, the bankruptcy court granted Gerhardt's motion in part and annulled the stay under 11 U.S.C. § 362(d)(1).[1] The bankruptcy court held that to successfully move for relief from

---

[1] The bankruptcy court denied without prejudice Gerhardt's requests for confirmation that no stay was in effect and a ruling that the Property is not part of the bankruptcy estate. (*See* Stay Relief Hearing Trans., AR 422:15–17, ECF No. 26-4.)

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-08905-RGK; 1:16-BK-12349-MRB | Date | April 27, 2018 |
|---|---|---|---|
| Title | *In re: Jenean Elizabeth Valencia* | | |

stay, the movant must show a colorable basis for the requested relief. (Stay Relief Hearing Trans., AR 419:18–20, ECF No. 26-4.) The bankruptcy court found the unlawful detainer judgment was facially valid and appeared to entitle Gerhardt to possession of the Property. (*Id.* at 419:21–23.) The bankruptcy court refused determine whether Appellants had an equitable interest in the Property or whether the Contract for Deed was properly construed as a lease or purchase agreement, reasoning that such a determination required an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001. (*Id.* at 418:22–13; 422:11–14.) The bankruptcy court noted that Appellants' arguments challenging state court jurisdiction were unpersuasive. Regardless, it held that the state court was the proper forum in which to raise those arguments. (*Id.* at 424:4–14.)

The court noted it was required under the constitution and applicable federal law to give full faith and credit to the unlawful detainer judgment. (*Id.* at 423:9–12.) Relying on *In re Perl*, 811 F.3d 1120 (9th Cir. 2016), the court reasoned that once the state court enters an unlawful detainer judgment and writ of possession against a debtor, the debtor has no interest protected by the automatic stay. (*Id.* at 423:15–20.) Thus, the state court's facially valid order and writ established a colorable basis for relief. The bankruptcy court accordingly granted annulment of stay retroactive to the bankruptcy petition date.

About a month later, following a separate hearing, the bankruptcy court denied Appellants' motion for enforcement of the automatic stay as moot.

## IV.   QUESTIONS PRESENTED[2]

Whether the bankruptcy court abused its discretion in granting Gerhardt's motion for relief from the automatic stay.

## V.   STANDARD OF REVIEW

A district court reviews a bankruptcy court's order granting relief from an automatic stay for abuse of discretion. *In re Edwards*, 454 B.R. 100, 104 (9th Cir. BAP 2011). Under the abuse of discretion test, the district court first reviews de novo whether the bankruptcy court applied the correct legal standard. *In re Veal*, 450 B.R. 897, 915 (9th Cir. BAP 2011). A bankruptcy court that applied the

---

[2] Appellants listed as an additional question presented: "Whether the denial of the stay enforcement motion . . . was an abuse of discretion when the debtor had a possessory and equitable interest in the property through the assignment of an interest in the purchase contract." Because the notice of appeal did not relate to the bankruptcy court's order regarding appellants' stay enforcement motion, the Court will not consider the question.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-08905-RGK; 1:16-BK-12349-MRB | Date | April 27, 2018 |
|---|---|---|---|
| Title | *In re: Jenean Elizabeth Valencia* | | |

wrong legal standard necessarily abused its discretion. *Id.* Second, the district court reviews the bankruptcy court's factual findings for clear error. *Id.* "[F]actual findings are clearly erroneous if they are 'illogical, implausible, or without support in inferences that may be drawn from the record." *Id.* (quoting *United States v. Hinkson*, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc)).

The reviewing court may affirm on any ground supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008).

### VI. DISCUSSION

As a preliminary matter, the Court notes that Appellants included several documents in their brief and excerpts of the appellate record that were not before the bankruptcy court when it granted Gerhardt's motion for relief from stay. "Evidence, or purported evidence, that was not properly before the bankruptcy court is not part of the record on appeal" and the Court will not consider it. *In re Edwards*, 454 B.R. at 104.

#### A. Cause for Relief from Stay

Under 11 U.S.C. § 362(d)(1), the bankruptcy court has broad discretion to grant relief from stay for cause. 11 U.S.C. § 362(d)(1); *In re Edwards*, 454 B.R. at 107. "'[C]ause' for relief from stay . . . is determined on a case-by-case basis." *Id.* A court has cause to grant relief from stay to enforce a prepetition state court judgment, including an unlawful detainer judgment and writ of possession. *Id.* (adding that "filing a bankruptcy petition after loss of ownership cannot reinstate the debtor's title."). The Ninth Circuit has held that "entry of judgment and writ of possession following unlawful detainer proceedings extinguishes all other legal and equitable possessory interests in the real property at issue" that would otherwise be protected by the automatic stay. *In re Perl*, 811 F.3d 1120, 1127–1128, 1130 (9th Cir. 2016).

Motions for relief from stay are summary proceedings, the scope of which is extremely limited. "Stay relief hearings . . . involve . . . simply a determination as to whether a creditor has a colorable claim [to enforce a right against the property]." *In re Robbins*, 310 B.R. 626, 631 (9th Cir. BAP 2004). A colorable claim is one "that is legitimate and that may reasonably be asserted, given the facts presented and the current law (or a reasonable and logical extension or modification of the current law)." *In re Budd*, Nos. BAP CC-11-1015-MKKID, RS 10-48055-DS, 2011 WL 4485190 at *3 n.4 (9th Cir. BAP July 12, 2011) (quoting Black's Law Dictionary).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-08905-RGK; 1:16-BK-12349-MRB | Date | April 27, 2018 |
|---|---|---|---|
| Title | *In re: Jenean Elizabeth Valencia* | | |

In this case, the bankruptcy court found Gerhardt obtained a prepetition unlawful detainer judgment and writ of possession entitling them to the Property. Based on this finding, the bankruptcy court properly concluded that Gerhardt had established a colorable claim sufficient to obtain relief from stay.

### B. Facial Validity of the Unlawful Detainer Judgment

The bankruptcy court based its conclusion on the finding that the unlawful detainer judgment was facially valid. Appellants claim this was error and the unlawful detainer judgment was void for two reasons. First, Appellants argue the state court lacked personal jurisdiction because they never received a summons "signed by the clerk and issued under the seal of the court," as required by California Civil Procedure Code § 412.20. Second, Appellants argue the state court lacked subject matter jurisdiction because the Contract for Deed was a purchase agreement and not a lease agreement, and it therefore fell outside the scope of the unlawful detainer statute. *See* Cal. Civ. Proc. Code § 1161 (defining three exclusive situations for which unlawful detainer is available as a remedy). While the bankruptcy court noted that it was not persuaded by Appellants' arguments, it ultimately held that either the state court or a separate adversary proceeding was the proper forum in which to raise those issues and declined to rule on them. Appellants argue it was an abuse of discretion to annul the stay without further inquiry into whether the unlawful detainer judgment was void for lack of jurisdiction. The Court disagrees.

It was not clearly erroneous to find the unlawful detainer judgment was valid on its face. First, Gerhardt presented the bankruptcy court with proof of service of the unlawful detainer judgment, and Appellants' argument was inadequate as a matter of law to refute its validity. A conformed copy of a summons served without the clerk's signature and the issuing court's seal is not substantially defective so as to deprive the court of jurisdiction. *Ystrom v. Handel*, 205 Cal. App. 3d 144, 152 (1988) (referring to the asserted deficiency as a "mere technicality").

Second, superior courts have general jurisdiction over unlawful detainer actions seeking $25,000 or less in damages. Cal. Civ. Proc. Code §86(a)(4). Here, the superior court limited the judgment to $25,000 per its jurisdictional maximum. (Unlawful Detainer Judgment, AR 310, ECF No. 26-1.) As Appellants argue, the court nevertheless lacked jurisdiction if the matter did not fall into one of the three situations described in the unlawful detainer statute. *See Greene v. Municipal Court*, 51 Cal. App. 3d 446, 451 (1975) ("Since the complaint does not support an action in unlawful detainer the municipal court lacked both subject matter and personal jurisdiction."). In this case, the court had jurisdiction only if the Contract for Deed could be properly construed as a rental agreement rather than a purchase agreement. *See* Cal. Civ. Proc. Code § 1161 (providing the unlawful detainer remedy is available to a lessor against a lessee for breach of lease).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-08905-RGK; 1:16-BK-12349-MRB | Date | April 27, 2018 |
|---|---|---|---|
| Title | *In re: Jenean Elizabeth Valencia* | | |

Gerhardt, however, had a colorable claim that the Contract for Deed – which the bankruptcy court characterized as a "hybrid" agreement (*see* Stay Relief Hearing Trans., AR 422:10, ECF No. 26-4) – was properly construed as a rental agreement. California courts have construed similar "hybrid" agreements as creating landlord-tenant agreements where possession by the purported "buyer" was conditioned on monthly installment payments and the "seller" could issue a notice to pay or quit as a remedy for the failure to make a monthly payment. *See Taylor v. Nu Digital Marketing, Inc.*, 245 Cal. App. 4th 283, 288–291 (2016); *Provouskivitz v. Snow*, 74 Cal. App. 3d 554, 558 (1977) (finding a landlord-tenant relationship even where the agreement provided that the monthly installment payments would be applied toward the purchase price).

Appellants are correct that a state court judgment can be collaterally attacked for lack of jurisdiction. *See In re Lake*, 202 B.R. 751, 758 (9th Cir. BAP 1996). But a motion for relief from stay is a summary proceeding narrowly focused on whether the creditor's claim is colorable. *See In re Robbins*, 310 B.R. 626, 631 (9th Cir. BAP 2004). Here, the bankruptcy court correctly held that any further inquiry into the nature of the Contract for Deed and Appellants' interest in the property required an adversary proceeding, or most appropriately an appeal of the state court judgment. *See In re Johnson*, 346 B.R. 190, 195 (9th Cir. BAP 2006) ("Under the Federal Rules of Bankruptcy Procedure, the determination of interests in property requires an adversary proceeding."). Thus, it was not clearly erroneous to find that the unlawful detainer judgment and writ of possession were facially valid.

### C. Authentication of the Unlawful Detainer Default Judgment

Appellants assert the bankruptcy court abused its discretion by relying on the unlawful detainer judgment because it was not properly authenticated under 28 U.S.C. § 1738. Section 1738 states that the judgment should be accompanied by the attestation of the clerk, the seal of the clerk annexed, and a certificate of the judge of the court that the clerk's attestation is in proper form. 28 U.S.C. § 1738. The unlawful detainer judgment presented to the bankruptcy court showed the court seal and the clerk's certification, but it was unaccompanied by a certificate of the judge. (Unlawful Detainer Judgment, AR 296–97, ECF No. 26-1.)

It appears Appellants did not raise this argument below. (*See* Opp. to Mot. for Relief from Stay, AR 342–351.) In general, the Court need not address arguments on appeal that were not presented before the trial court. *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). The Court accordingly deems this argument waived, especially as Appellants' argument once again appears to be without merit. *See, e.g., United States v. Mathies*, 350 F.2d 963, 966 n.4 (3d Cir. 1965) ("It

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:16-cv-08905-RGK;<br>1:16-BK-12349-MRB | Date | April 27, 2018 |
|---|---|---|---|
| Title | *In re: Jenean Elizabeth Valencia* | | |

is well settled that the mode of authenticating records of state courts provided by Title 28 U.S.C. § 1738 is not exclusive.").

    **D.**    **Proper Movant**

Appellants also assert the bankruptcy court abused its discretion because the unlawful detainer judgment was not in the name of the movant for relief from stay. The unlawful detainer judgment was in the name of "Audra Gerhardt, an individual," while the motion for relief from stay brought by "Audra Gerhardt, as trustee of the Audra S. Gerhardt Living Trust." Again, it appears Appellants did not raise this argument below. (*See* Opp. to Mot. for Relief from Stay, AR 342–351.) The Court therefore considers Appellants' second argument only to the extent it challenges Gerhardt's standing to bring a stay relief motion as trustee for the Audra S. Gerhardt Living Trust. *See Renee v. Duncan*, 686 F.3d 1002, 1012 (9th Cir. 2012) (noting lack of standing "is a non-waivable jurisdictional defect").

The Court finds Gerhardt had standing to move for relief from stay in her capacity as trustee. To have standing to bring a motion for relief from stay, the movant must be a "party in interest." 11 U.S.C. § 362(d); *In re Edwards*, 454 B.R. at 105. A "party in interest" includes a party with a pecuniary or practical interest in the matter or any party affected by the stay. *Brown v. Sobczak*, 369 B.R. 512, 517–18 (9th Cir. 2007). A party with "a colorable claim to enforce a right against property of the estate" has standing to seek stay relief. *In re Edwards*, 454 B.R. at 105. Evidence in the appellate record shows Gerhardt conveyed the Property deed to Audra S. Gerhardt, as trustee for Audra S. Gerhardt Living Trust. (Grant Deed to Revocable Trust, AR 315, ECF No. 26-1.) The trust therefore had a colorable claim to the Property and would be affected by the stay. Gerhardt had standing to bring the motion for relief from stay as the trustee.

**VII.**    **CONCLUSION**

In light of the foregoing, the Court **AFFIRMS** the bankruptcy court's order.

**IT IS SO ORDERED.**

                                                                                                                                                 :

Initials of Preparer